AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Mississippi

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| Xaveriana Cook | ) | Case Number: 0537 3:20CR00039-001 |
| | ) | USM Number: 18965-042 |
| | ) | Gregory S. Park |
| | | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   1 and 4 of the Indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18 U.S.C. §§ 3 and 1951 | Accessory After the Fact to Hobbs Act Robbery and Murder | 05/15/2020 | 1 |
| 18 U.S.C. §§ 2, 922(g)(1) and 924(a)(2) | Aiding and Abetting Possession of a Firearm by a Prohibited Person | 05/15/2020 | 4 |

     The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Counts   2, 3, and 5   are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

At sentencing, the defendant's attorney stated on the record that the defendant may wish to appeal her sentence. If the defendant is indeed aggrieved by her sentence, her attorney may file a motion for reconsideration with this court and state the basis for the motion for the court's reconsideration of said sentence so that the court may consider the motion along with the government's response thereto, prior to appeal.

February 7, 2022
Date of Imposition of Judgment

_Signature of Judge_

Neal B. Biggers, Jr., Senior U.S. District Judge
Name and Title of Judge

2/16/22
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: Xaveriana Cook
CASE NUMBER: 3:20CR00039-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **84 months** on Counts 1 and 4 of the Indictment, to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be housed at a BOP facility equipped for new/expectant mothers

☒ The defendant is remanded to the custody of the United States Marshal.

The court overrules the defendant's motion, made at sentencing, to be released on bond until after the birth of her third child, due in March 2022. On July 28, 2020, the court granted the defendant's motion to be released on bond until trial and ordered her to strict home confinement based in large part on the fact that she was then pregnant with her second child. After the birth of that child and prior to trial, the defendant advised the court of her intent to change her plea to guilty, and said plea was accepted by the court at a hearing on August 2, 2021. The defendant was sentenced on February 7, 2022. The defendant is now pregnant again and at her sentencing hearing offered the current pregnancy as a ground for continued release on bond. The current pregnancy was achieved while the defendant was on bond under strict home confinement. The court is unconvinced that this action by the defendant of presenting herself before the court on two successive occasions with two successive pregnancies is not a ploy on the part of the defendant to extend her release, and the court is unpersuaded that if the defendant is allowed bond again, she will not attempt yet another pregnancy to extend her release indefinitely. She is therefore remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: Xaveriana Cook
CASE NUMBER: 3:20CR00039-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years on Counts 1 and 4 of the Indictment, to run concurrently.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determine by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B     (Rev. 11/16) Judgment in a Criminal Case
                Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: Xaveriana Cook
CASE NUMBER: 3:20CR00039-001

## STANDARD CONDITIONS OF SUPERVISION

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: Xaveriana Cook
CASE NUMBER: 3:20CR00039-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

2. The defendant shall participate in a program of mental health treatment, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

3. The defendant shall submit her person, property, house, residence, vehicle, papers, computers (as defined in Title 18, United States Code, Section 1030e(1)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

4. The defendant shall enroll in a program to prepare for the test of general educational development, the details of which will be monitored by the probation officer.

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7 

DEFENDANT: Xaveriana Cook
CASE NUMBER: 3:20CR00039-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200 | $ | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.
**\*\* All payments are to be made payable to Clerk of Court by money order or cashier's check and mailed to: Clerk of Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. \*\***

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 3:20-cr-00039-DMB-RP Doc #: 103 Filed: 02/16/22 7 of 7 PageID #: 517

AO 245B    (Rev. 03/20) Judgment in a Criminal Case  
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: Xaveriana Cook  
CASE NUMBER: 3:20CR00039-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 200 due immediately, balance due

    ☐ not later than _____ , or  
    ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Pursuant to the plea agreement, payment of restitution is due and payable in full immediately. Payment of any balance on any remaining criminal monetary penalties after placement on probation or supervised release, or after release from incarceration to a term of supervised release, shall be made in regular monthly installments of not less than 10 percent of the defendant's gross monthly income or not less than $100 per month, whichever is greater. Such payments to commence no later than 60 days from placement on probation, supervised release or release from incarceration to a term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.