IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:20-CR-39

XAVERIANA COOK

**ORDER**

A grand jury returned a five-count indictment against Xaveriana Cook on August 19, 2020. Doc. #45. On August 2, 2021, Cook pled guilty to Counts One and Four, which respectively charged her with being an accessory after the fact to a Hobbs Act robbery and murder, in violation of 18 U.S.C. § 3, and with aiding and abetting a convicted felon's possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Doc. #69. On February 16, 2022, United States Senior District Court Judge Neal B. Biggers, Jr., sentenced Cook to eighty-four months of imprisonment and three years of supervised release on both counts, to be served concurrently. Doc. #103.

On or about June 29, 2022, Cook filed a pro se motion requesting the appointment of counsel to represent her in seeking a sentence reduction, arguing that the United States Supreme Court's decision in "United States v Taylor" "[d]ecided June 21, 2022," supports a sentence reduction with respect to her Hobbs Act robbery conviction.[1] Doc. #106.[2]

There is no general constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Similarly, there is no statutory right to appointment of counsel when a defendant such as Cook seeks a sentence reduction, though

---

[1] The government did not respond to the motion.

[2] This case was randomly reassigned to the undersigned district judge on August 14, 2023. Doc. #117.

the Court may appoint counsel if it is "in the interest of justice."³ *See United States v. Rodriguez*, No. 2:10-cr-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008)) ("Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice.").

The Court declines to appoint counsel for Cook to the extent she relies on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In *Taylor*, the Supreme Court held that a conviction for an attempt to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), cannot serve as a predicate for conviction under § 924(c) because it does not constitute a "crime of violence" as defined in § 924(c)(3)(A). 142 S. Ct. at 2020–21. Cook was sentenced for the crime of being an accessory after the fact to a Hobbs Act robbery and murder in violation of 18 U.S.C. § 3, and for aiding and abetting a convicted felon's possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2)—neither of which involve a § 924*(c)* charge. Because Cook's premise for a sentence reduction is without merit, it would not be in the interest of justice to appoint her counsel to pursue such.⁴ *See United States v. Willard*, 481 Fed. App'x 915, 917 (5th Cir. 2012) (interest of justice did not entitle the defendant to appointed counsel where the motion "did not involve complicated or unresolved issues."). So Cook's motion for appointment of counsel [106] is **DENIED**.

**SO ORDERED**, this 21st day of August, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

³ Although "[a]n indigent criminal defendant in a felony case must be provided counsel on direct appeal as of right," *United States v. Brown*, 854 F. App'x 630, 630 (5th Cir. 2021), Cook does not request counsel for an appeal. Regardless, her deadline to file a direct appeal has long passed.

⁴ To the extent Cook's motion may be read to request a sentence reduction, she is not entitled to such for the same reason.