IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:20-CR-39

XAVERIANA COOK

### ORDER

On January 3, 2024, Xaveriana Cook filed a pro se motion "for the zero point criminal history points," Doc. #24, which this Court construes as a motion to reduce her sentence based on the United States Sentencing Commission's recent amendment regarding zero criminal history point offenders. Because Cook fails to show she meets the requirements for the zero-point sentence reduction[1] and presents no argument why such reduction is specifically warranted in her case, Cook's motion [124] is **DENIED without prejudice**.[2]

**SO ORDERED**, this 16th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Application of the Sentencing Commission's zero-point criminal history adjustment requires a defendant to demonstrate:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Amendments to the Sentencing Guidelines*, U.S. Sentencing Comm'n, 45 https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last visited Feb. 13, 2024) (paragraph spacing omitted).

[2] Under a November 1, 2023, standing order issued in this district, the Federal Public Defender may be appointed to represent any defendant potentially eligible for a sentence reduction based on the Sentencing Commission's retroactive amendment for zero-point offenders; however, the standing order does not extend to a defendant whose case presents a conflict preventing the Federal Public Defender from acting on such defendant's behalf.